■ PAUL GAY & COMPANY, INC., Appellant, v ELIAS KARNOFF et al., Defendants and Interpleading Plaintiffs-Respondents. UNIQUE MANHATTAN TOWNHOUSES et al., Interpleaded Defendants-Respondents.—Order, Supreme Court, New York County, entered November 21, 1977, denying plaintiff's motion for summary judgment to recover a real estate broker's fee alleged to be due from defendants Karnoff, as sellers, affirmed, with $60 costs and disbursements of this appeal payable by appellant to interpleaded defendants-respondents. Although, as observed by the dissent, the contract, drawn

by the Karnoffs' attorney, acknowledged that plaintiff was the broker who brought about the sale, the sellers agreed to pay the broker "in accordance with separate letter agreement." This separate letter agreement apparently was never executed. Accordingly, the substance of that separate agreement with respect to the relationship between the parties and the terms and conditions under which payment was to be made remain to be developed as factual issues upon the trial. Under the circumstances, resolution of such issues as a matter of law is inappropriate. Concur—Evans, J. P., Fein and Sandler, JJ.; Markewich and Lane, JJ., dissent in a memorandum by Markewich, J., as follows: Plaintiff corporation, a licensed real estate broker, appeals from denial of its motion for summary judgment. Though there are other peripheral claims back and forth, particularly involving interpleaded defendants-respondents, the core of the case is the dispute between plaintiff and defendants Karnoff. Defendants-interpleading plaintiffs-respondents Karnoff were owners of a Manhattan building sold pursuant to written contract to one Poulson. The contract, drawn by the Karnoffs' lawyer, contained a clause acknowledging that plaintiff had brought about the sale and that the Karnoffs would pay plaintiff a broker's commission therefor. Though reference is made in the clause to a separate letter agreement, none such is found in the papers, and this reference would, in any event, be applicable only as between plaintiff and the Karnoffs. In this regard, it is of the utmost importance that, as between the parties to the brokerage agreement implicit in the transaction, the ones to be charged, the Karnoffs, interpose no objection whatsoever to payment of a brokerage fee. Their sole caution is as to the possibility of paying twice. Poulson had negotiated the sale, commencing in March, 1974, with Barbara Supplee, plaintiff's employee, not then a licensed broker—she did not receive a license until November, after closing of title in October—who continued with the matter, even after her discharge by plaintiff in April, but, as she alleges, in behalf of her new employer, Unique Manhattan Townhouses. The day before the closing, Supplee struck: her lawyer wrote to the sellers warning against payment of commission to plaintiff, in effect staying the payment until resolution of certain disputes, not between plaintiff and defendants, but as between the others involved. Plaintiff sued defendants who, to avoid double liability, forthwith interpleaded Unique and Supplee. Special Term did not decide defendant's request for stakeholder status. In the answer, demand is made for payment of the commission or, alternatively, half the commission to Supplee, based on, it appears, a claimed internal agreement with plaintiff. Plaintiff's motion for summary judgment was denied, the court finding a "basic disagreement on the facts." Particular reference is made to the undisclosed "separate letter agreement," which does not, as above indicated, play any part in the dispute between the main parties. Further, that Supplee has demonstrated "direct involvement in arranging the sale." And finally, that "plaintiff does not show in detail it's [sic] role in the transaction." We would reverse and grant summary judgment to the plaintiff, at the same time recognizing defendants' stakeholder status. Supplee, as a salesperson, has no right to claim any compensation directly from the principal in the transaction. (Real Property Law, § 442-a.) She must have been a licensed real estate broker at the time the services were performed and the right to commission must have accrued before she may look to the seller. (Real Property Law, § 442-d.) It is not contested that plaintiff, through Supplee, was hired to find a buyer; it did so and a contract was ultimately executed acknowledging that fact. Certainly, plaintiff, especially in the absence of opposition from the sellers, is entitled to summary judgment

against the sellers. If further services were performed after Supplee switched employment, that is a separate matter unnecessary to plaintiff's complete performance which ripened into a right to recover its full commission as soon as it brought the buyer to the Karnoffs' attention. Unique interposed no opposition to the motion for summary judgment, nor did Supplee present any proof whatever which would be legally effective to controvert plaintiff's claim. Since nothing more appears on this record to prove the Karnoffs' subsequent hiring of Unique to perform additional services, that party's cross claim should be dismissed. It is also appropriate to sever Supplee's claim against plaintiff for her 50% participation. But, as between plaintiff and the Karnoffs, they, as sellers have no defense as to the broker's commission for the sale. As to the other cross claims, they may easily be disposed of after severance.